UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMART TRANSPORTATION DIVISION,<br><br>Petitioner,<br><br>v.<br><br>NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION (METRA),<br><br>Respondent. | No. 14 CV 7828<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Petitioner SMART Transportation Division, a labor union, seeks to enforce an arbitration award it obtained on behalf of Barry Brandenburger—a train conductor respondent Metra terminated for allegedly giving away free rides. Finding in favor of the employee, the National Railroad Adjustment Board ordered Brandenburger reinstated and directed Metra to pay him for "all lost time." After the parties were unable to agree on what that meant exactly, the union instituted this enforcement action under the Railway Labor Act.

Metra moves to dismiss the case for lack of subject matter jurisdiction. For the following reasons, Metra's motion is denied and the matter is remanded to the Board for clarification on the issue of back-pay setoff.

**I.    Legal Standard**

Federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by

Congress pursuant thereto." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). The burden of establishing that a district court has proper jurisdiction lies with the plaintiff. *Id*. A defendant arguing that a plaintiff has not met this burden may move for dismissal under Federal Rule of Civil Procedure 12(b)(1). When reviewing a 12(b)(1) motion, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (internal quotation omitted).

## II. Background

Barry Brandenburger was dismissed by his employer Metra (also known as the Northeast Illinois Regional Commuter Railroad Corporation). Brandenburger's union, SMART Transportation Division, appealed the decision on his behalf and the matter was eventually submitted to arbitration pursuant to 45 U.S.C. § 153. On August 1, 2014, the National Railroad Adjustment Board, First Division, sustained Brandenburger's claim in its entirety. The Board's succinct award quoted the claim as follows:

> Dismissal assessed to employee Barry Brandenburger. Claim for payment of all lost time, immediate employment reinstatement, and all notations removed from his personal work record resulting from his dismissal from service. This claim shall include all wage equivalents to which he is entitled, Carrier's 401(k) contributions, and Railroad Retirement credits, include all costs for health and welfare benefits, return to service with seniority unimpaired, and restoration of all vacation entitlements.

The award went on to find the "[c]laim sustained" and it ordered "the Carrier . . . to make the Award effective on or before 30 days following" its postmark date.

Metra began to comply with the award by requesting information from Brandenburger about any compensation he received while away from Metra. The company intended to reduce any such amounts from the total it was giving him as back pay. It pursued this course in light of Rule 38(k) of the applicable collective bargaining agreement, which stated that "[i]n case suspension or dismissal is found to be unjust, [the dismissed employee] shall be reinstated and paid for all time lost, less any outside earnings." Brandenburger did not provide the requested information because, as he and the union saw it, Rule 38(k) did not apply. Instead, the union petitioned this court under 45 U.S.C. § 153 First (p) to have the Board's award enforced without any setoff.

Metra has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the action for lack of subject matter jurisdiction.

### III. Analysis

Metra believes this case should be dismissed for lack of subject matter jurisdiction because the dispute turns on a so-called "minor" dispute over the interpretation of Rule 38(k), and such disputes must go through arbitration before an enforcement action can be heard in federal court. Metra's view of subject matter jurisdiction is too narrow. Article III of the United States Constitution authorizes federal court jurisdiction for suits arising under the laws of the United States. *See* U.S. Const. art. III, § 2, cl. 1. Congress has authorized the federal courts to exercise

3

this "federal question" jurisdiction in 28 U.S.C. § 1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Invoking federal law—namely, 45 U.S.C. § 153 First (p)—the union asks this court to enforce the Board's order. This case thus arises under federal law and this court has subject matter jurisdiction under § 1331.

But "[i]f an arbitration award is too ambiguous to be enforced, as when the award fails to address a contingency that later arises or when the award is susceptible to more than one interpretation, the district court should if possible send the matter back to the original arbitration panel for clarification . . . ." *Brotherhood of Locomotive Engineers and Trainmen v. Union Pacific Railroad Co.*, 500 F.3d 591, 592 (7th Cir. 2007); *see also Ethyl Corp. v. United Steel Workers of America*, 768 F.2d 180, 187 (7th Cir. 1985) ("But if the award is too ambiguous to be enforced, the court has—it has to have—the power to remand the case to the arbitrator for clarification."); *Brotherhood of Railroad Signalmen v. Union Pacific Railroad Co.*, 2004 WL 2931289 (N.D. Ill. Dec. 15, 2004) (remanding Railway Labor Act enforcement action to Board for clarification on meaning of "be made whole").

The award in this case is too ambiguous to enforce without clarification. Its brief language could reasonably be understood as ordering back pay either with or without offset. "[A]ll lost time" could refer to those hours of the workweek Brandenburger lost by not working anywhere (Metra's interpretation). Or, it could refer to the Metra-specific hours Brandenburger lost as a result of his dismissal (the

4

union's interpretation). The award does not expressly refer to outside earnings. At the same time, though, it does direct Metra to pay Brandenburger only those "wage equivalents *to which he is entitled*," which under Rule 38(k) would mean back pay net of outside earnings. The Board's award is susceptible to more than one interpretation.

The union believes the award is unambiguous because it says nothing about setting off any outside earnings. The union cites two decisions for the proposition that the award's silence should be construed as the Board's affirmative decision to award gross back pay. *See Newkirk v. Chicago & North Western Transportation Co., Inc.*, 1996 WL 164376 (N.D. Ill. Apr. 2, 1996); *Automobile Mechanics Local 701 v. Joe Mitchell Buick, Inc.*, 930 F.2d 576 (7th Cir. 1991). As Metra notes, however, *Newkirk* and *Buick* differ materially from this case because they did not involve a background setoff agreement like Rule 38(k). Moreover, it is not completely accurate to say the award in this case is totally silent on the issue of setoff, since it does specify that Brandenburger should receive only what he is "entitled" to—arguably implicating the collective bargaining agreement and Rule 38(k). *See Buick*, 930 F.2d at 578 (holding that award's silence on vacation and Health and Welfare Fund benefits meant employee was entitled to those benefits as "provided in the collective bargaining agreement").

Metra did not waive its offset argument below. In its submission to the Board, Metra identified Rule 38 as the "Rule at Issue." It also attached a copy of the

5

individual rule—not the entire agreement—as Exhibit A. The Board's award is ambiguous as to how it resolved Metra's argument.

## IV. Conclusion

Respondent's motion [17] is denied. This matter is remanded to the National Railroad Adjustment Board, First Division, to clarify whether the phrase "all lost time" in its award means "all time lost, less any outside earnings."

ENTER:

/s/ Manish S. Shah

Manish S. Shah
United States District Judge

Date: 4/6/15